UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERVEZ ROUF and PNK WIRELESS COMMUNICATIONS, INC. d/b/a FRIENDS WORLD WIRELESS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION H-13-2778 |
| CRICKET COMMUNICATIONS, INC., MATT SEVIER AS DISTRICT DIRECTOR OF HOUSTON, | § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the court is plaintiffs Pervez Rouf ("Rouf") and PNK Wireless Communications, Inc.'s ("PNK") application for temporary restraining order and preliminary injunction. Dkt. 23. In their application, plaintiffs request injunctive relief in the form of an order from the court requiring Cricket to restore PNK's access to Cricket's computer programs in order for PNK to operate its Cricket store locations. Having considered the application, response, and applicable law, the court is of the opinion that no hearing is necessary and that the application for a temporary restraining order should be DENIED.

### I. BACKGROUND

PNK and Cricket entered into a Premier Dealer Agreement ("Agreement") on May 20, 2011. Dkt. 23. Rouf is the President of PNK and signed the Agreement on behalf of PNK. Dkt. 15. By the terms of the Agreement, PNK would be an exclusive dealer of Cricket products and services at twelve store locations in Houston and San Antonio, Texas. *Id.* The Agreement provided that PNK would exclusively sell Cricket products and services, and that as Dealer, neither it nor any affiliate of PNK could operate a competing cell phone location within 2 miles of any of the Cricket locations

established by the Agreement during the term of the Agreement. Dkt. 15 at ¶ 8(h). Any violation of this provision constituted a material breach of the Agreement, and gave "Cricket the right to immediately terminate this Agreement, as determined in the sole discretion of Cricket." *Id.* at ¶ 8(i).

On August 29, 2013, Cricket sent a letter to PNK terminating the Agreement on the basis that PNK had breached the terms of the Agreement by operating other competing cell phone locations through its affiliate American Wireless Trading ("AWT") within 2 miles of certain Cricket locations covered under the Agreement. Dkt. 27, Ex. 1. Cricket determined that AWT was owned by Pervez Selim, who resided at the same residence as Pervez Rouf, the President of PNK. *Id.* at Ex. 1-B. Cricket suspected that Rouf either owned AWT or was affiliated with AWT in violation of the Agreement. *Id.* at Ex. 1.

Based on this information, Cricket exercised its right to terminate the Agreement with PNK. When confronted with the information obtained by Cricket regarding AWT and Pervez Selim, Rouf initially denied being affiliated with AWT, but later confirmed that he was partial owner of AWT. *Id.* at Ex. 1-C. Cricket maintains that it justifiably terminated the Agreement based on PNK's material breach of the Agreement.

Following Cricket's termination of the Agreement, plaintiffs filed their original petition in the 234th Judicial District Court in Harris County, Texas, on September 13, 2013, seeking monetary damages for anticipatory breach of contract and promissory estoppel and the same injunctive relief requested here. Dkt. 1, Ex. A. Cricket timely removed this action to federal court. Dkt. 1. The state court never entered a temporary restraining order or preliminary injunction prior to removal.

## II. Legal Standard

A party seeking a temporary restraining order or other injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure has the burden to demonstrate each of four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the

injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Thus, injunctive relief should only be granted where the movant has "clearly carried the burden of persuasion." *Bluefield Water Ass'n*, 577 F.3d at 252-53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

### III. ANALYSIS

The court finds that plaintiffs' motion for temporary restraining order and preliminary injunction should be denied because they have not shown a substantial likelihood of success on the merits or shown a substantial threat of irreparable injury if the injunction is denied. Plaintiffs request that the court enter injunctive relief requiring Cricket to permit plaintiffs access to Cricket's computer programs for the operation of their former Cricket store locations. Dkt. 23. Plaintiffs assert that they have had to close twelve cell phone locations because of Cricket's conduct. *Id.* As an initial matter, plaintiffs have not provided any verified support for their request. *See Higareda v. U.S. Postal Serv.*, 5 F.3d 1495 (5th Cir. 1993) (per curiam) (unverified complaint does not support claim for injunctive relief); *see also Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 777-78 (N.D. Tex. 2012) (noting total lack of evidence, "in the form of affidavits or otherwise," precludes injunctive relief). The affidavit plaintiffs purport to rely on in support of their application for injunctive relief is not attached to the filing. On this basis alone, the court could deny plaintiffs' request for injunctive relief.

Additionally, however, the conclusory allegations included in plaintiffs' original petition and application for injunctive relief fail to establish a likelihood of success on the merits, much less a substantial likelihood. In their original petition, plaintiffs allege causes of action for anticipatory breach of contract and promissory estoppel. Dkt. 1, Ex. A. In Texas, in order to prevail on a claim for anticipatory breach of contract, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Publ'g Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 217 (Tex. App.–Dallas 1984, writ ref'd n.r.e.)). At this preliminary stage, plaintiffs have failed to show that Cricket did not have a just excuse for the termination of the Agreement. It appears that Cricket was entitled to terminate the Agreement based on PNK's material breach, and plaintiffs have not unequivocally shown otherwise. The Agreement gives Cricket absolute discretion to terminate the Agreement upon a finding that PNK was in breach of Section 8. Dkt. 15 at ¶¶ 8(h) & (i). Based on Rouf's admission that he was affiliated with AWT at the time the competing stores were opened demonstrates that plaintiffs were in violation of the Agreement. Dkt. 27, Ex 1-C.

Further, the requisites of promissory estoppel are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Plaintiff must make clear or specifically allege the promise made the basis of the claim. *MCN Energy Enters., Inc. v. Omagro de Colombia, L.C.D.*, 98 S.W.3d 766, 773 (Tex. App.–Forth Worth 2003, pet. denied). Plaintiffs have not specifically identified any promise that they rely on in order to sustain a claim for promissory estoppel. Thus, all evidence suggests that plaintiff's legal claims will likely fail.

Plaintiffs have also not carried their burden on the element of irreparable harm. Irreparable harm requires a showing that: (1) the harm to plaintiff is imminent; (2) the injury would be

4

irreparable; and (3) that plaintiff has no other adequate legal remedy. *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). It must be remembered that "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Generally, "monetary loss alone . . . does not constitute irreparable harm sufficient to justify" injunctive relief. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 474 (5th Cir. 1985). The claims brought by plaintiffs, including anticipatory breach of contract and promissory estoppel, provide an adequate remedy at law, namely plaintiffs can be compensated for any alleged loss through monetary damages. Thus, any loss directly suffered by plaintiffs is purely financial and could be easily quantified after a hearing on the merits.

## IV. Conclusion

Because Plaintiffs have failed to carry their burden and show a substantial likelihood of success on the merits or a substantial threat of irreparable harm, their motion for temporary restraining order and preliminary injunction (Dkt. 23) is **DENIED**.

It is so ORDERED.

Signed at Houston, Texas on November 18, 2013.

_____
Gray H. Miller
United States District Judge